. FILED

98 OCT -6 PM 1: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. MAIER, et al., | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV 97-N-3178-W |
| | ] | |
| TOYOTA MOTOR CORPORATION, | ] | |
| INC., et al., | ] | |
| | ] | |
| Defendant(s). | ] | |

ENTERED

OCT 6 1998

### Memorandum of Decision

The court has carefully considered the Magistrate Judge's Findings and Recommendations in this case, plaintiffs' objections thereto, and the additional briefing and evidence filed. This court has noted before that it did, and still to some extent does, share the concerns expressed in Judge Green's well-reasoned opinion. However, the court concludes that the plaintiffs have satisfied the minimal burdens imposed by *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997), and have shown that they may plausibly be able to state claims against both the non-diverse and diverse defendants under the governing state law. Therefore the court must respectfully set aside Judge Green's recommendation and remand this case to state court.

While the court sees no need for an exhaustive recitation of the factual and legal considerations which guide this decision, a brief summary may be useful. This is a case about a car accident. The plaintiff, William Maier, was seriously injured when his Toyota truck apparently ran off the road and flipped over. His seat belt did not protect him from these injuries. Maier and his wife have brought claims against Toyota and various related

corporate entities, all diverse defendants, alleging *inter alia* defects in the seatbelt system. They also sued Paul Davis, the sole non-diverse defendant, a prior owner of the truck who allegedly was responsible for allowing the buckle for Maier's seatbelt to fall back behind the seat, thus making it inaccessible for use in the accident.

The court was originally concerned because it appeared that plaintiffs were alleging both that the seatbelt was properly fastened and did not work, and that it was not fastened because of Davis's negligence. The court suspects that Judge Green shared this concern. Despite the provisions of Rule 8 allowing for pleading in the alternative, Rule 11 forbids a plaintiff from making allegations which he or she knows are factually untrue.   The alternative pleading rule applies when a plaintiff is unsure of what actually happened, and will rarely if ever be useful when the facts at issue, here the status of Maier's belt at the time of the accident, are directly within the personal knowledge of the plaintiff. When the plaintiff knows the right answer, he cannot have his cake and eat it too.

The additional briefing ordered by the court, and the evidentiary submissions accompanying it, have cleared up the court's questions on this point, however. Maier has admitted that he was *not* wearing the belt. *William Maier Depo.* at 50, 72-73; *see Plaintiffs' Response to Court's Order Requesting Additional Briefing on the Issue of Remand*, filed September 21, 1998, at 6 ("Because the correct buckle was inaccessible, plaintiff Maier could not fasten his seatbelt into the other available buckle; it simply did not fit."). Plaintiffs contend that the "defect" in the seatbelt system resides in the fact that the system can be disabled by a buckle falling behind the seat. *William Maier Depo.* at 123-126; *Plaintiffs' Response to Court's Order Requesting Additional Briefing on the Issue of Remand*, filed

2

September 21, 1998, at 6. While this claim seems unusual at best, plaintiff is entitled to bring this claim to a state court's attention. Based solely on plaintiffs' representations to the court that it is this claim, and not a claim based on a fastened buckle that did not function properly, that defendants wish to pursue, the court finds that plaintiff can plead this claim and a claim against Davis simultaneously and still comply with Rule 11.

The court sympathizes with Judge Green's concerns over several other aspects of the case. For example, contributory negligence would seem to be an exceedingly strong defense to any claim against Davis (or the other defendants for that matter). Likewise, plaintiffs offer only speculation in support of their claims that Davis was responsible for losing the buckle behind the seat. Plaintiffs' own testimony contravenes their claims that Davis sold them the car,[1] and that the sale included warranties that the truck had a functioning seatbelt system.[2] In other words, the evidence supporting plaintiffs' claims against Davis is shaky to nonexistent. The claims are fairly clearly designed to manipulate this court's jurisdiction. The court cannot shake off the suspicion, in fact, that counsel has filed at least some of these claims in bad faith, knowing that they cannot be supported, in

---

[1] Davis has submitted an affidavit indicating that he sold the car to someone else instead. Defense counsel's investigations, though they do not yet take the form of admissible evidence, indicate that this individual then passed the car on to Maier and his wife, and is willing to say so. The plaintiffs themselves readily admit that they don't know whether Davis sold them the car. In fact, they don't know who did. What details they can remember, however, match up with the individual Davis claims he sold the car to, not Davis himself. *William Maier Depo.* at 32-34. In response, plaintiffs' counsel submits as evidence only the title documents to the car. However, one of the few things Maier can remember about the deal was that whoever sold them the car did not have the title. *Id.* at 133-34. Maier's own testimony thus undercuts his only evidence that Davis sold him the car.

[2] For example, plaintiff Kristie Moore Maier testified that there were no oral representations made about the truck, and no written contract of sale. *Kristie Maier Depo.* at 10-11, 13, 16.

order to play jurisdictional games.[3] He has certainly skated close to the edge of Rule 11. Counsel should, perhaps, be reminded that one who regularly skates on thin ice, sooner or later, will get his feet wet, right up to his ears.

However, plaintiffs do have at least one potentially viable claim against Davis, and at this stage of the proceedings that is enough. Whether or not Davis sold the vehicle to the Maiers, he clearly was a previous owner. He may have been responsible for losing the buckle behind the seat, arguably gives rise to a negligence claim.[4] Of course, any of the prior owners might be responsible, and the Maiers have no proof that it was Davis and not anyone else. At this stage, however, and particularly at the time the complaint was filed, they did not need to. All they needed to know for sure was that he *might* have been the one responsible. Not knowing what actually happened, they were entitled under Rule 8 to join all of the potentially responsible parties and sue in the alternative. The court sees no reason why they should not be equally entitled to pick one from among this list, and run the risk that they may have picked the wrong one. While the court acknowledges that plaintiffs' counsel's choice of which prior owner to sue was most likely motivated by a desire to avoid this court's jurisdiction, that alone is not enough to create fraudulent joinder. The claim against Davis was otherwise legally proper, if not particularly strong, so he must be considered properly joined.

---

[3] If this turns out to be the case, the court trusts that the Alabama state courts will effectively discourage such shenanigans.

[4] While contributory negligence may well provide a defense, even Alabama's strict contributory rule has holes and exceptions. The court cannot conclude at this point that there is no chance that the plaintiffs would be able to evade this defense. *See, e.g., Brusseau v. Electronic Data Systems Corp.*, 694 F. Supp. 331 (E. D. Mich. 1988).

At least at this point, the court concludes that the joinder of Davis was proper. Defendants have not carried their very heavy burden of proving otherwise. Therefore this case will be remanded to the Circuit Court of Sumter County, Alabama, from whence it was removed.

Done, this __10th__ of October, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE